IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| OSAMA E. ELDEEB | : | |
| --- | --- | --- |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | NO. 08-3625 |
| v. | : | |
| | : | |
| JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE | : | |
| | : | |
| Defendants. | : | |

December _8__, 2009                                                                                       Anita B. Brody, J.

**MEMORANDUM**

**I. INTRODUCTION**

Plaintiff, Osama E. Eldeeb ("Eldeeb"), brings this suit against Defendant, John E. Potter, Postmaster General of the United States Postal Service ("the Postal Service"), claiming that he was subject to employment discrimination based on his race, national origin, and religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Eldeeb claims that while employed with the Postal Service he was subject to verbal harassment, humiliation, and insults to his name by his supervisor.[1] Currently before me are the Postal Service's Motion to Dismiss for failure to state a claim and Eldeeb's Response.

---

[1] Eldeeb also claims that he was assigned to hazardous work without proper instruction. In its Motion to Dismiss, the Postal Service notes that Eldeeb failed to exhaust his administrative remedies regarding the hazardous work claim. Eldeeb concedes this point and does not object to the dismissal of his hazardous work claim. Therefore, the Postal Service's Motion shall be granted with respect to this issue.

## II. JURISDICTION AND LEGAL STANDARD

Eldeeb's claims are brought under Title VII, therefore this Court has jurisdiction under 28 U.S.C. § 1331. Under Fed. R. Civ. P. 12(b)(6), a court must grant a motion to dismiss if the plaintiff fails "to state a claim upon which relief can be granted." *Id.* "[A] complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 191 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)) (internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. FACTUAL BACKGROUND[2]

From November 17, 2007 through November 21, 2007, all of five days, Eldeeb was employed by the Postal Service as a temporary casual employee at the Southeastern Pennsylvania

---

[2] The Postal Service appends several documents to its Motion to Dismiss that were not included in Eldeeb's pleading and requests that I consider them without converting the filing to a motion for summary judgment. These documents include: a copy of Eldeeb's administrative claim filed with the Postal Service's Equal Employment Opportunity (EEO) office on January 3, 2008; and a copy of Eldeeb's December 5, 2007 PS Form 2564-A Information for Pre-Complaint Counseling.

"[T]he decision to convert a motion to dismiss to a motion for summary judgment is generally committed to the district court's discretion." *See Kulwicki v. Dawson*, 969 F.2d 1454, 1463 n.11 (3d Cir. 1992). After reviewing the EEO filings, I decline to consider them at this stage; instead, I shall consider only the facts available from Eldeeb's complaint and exhibits, in the light most favorable to Eldeeb, the non-moving party.

Processing and Distribution Center in Tredyffrin Township, Chester County, Pennsylvania. Eldeeb resigned from his employment on November 21, 2007, allegedly because of his supervisor's verbal harassment, humiliation, and insults. On January 3, 2008, Eldeeb filed an employment discrimination complaint with the Postal Service. Eldeeb's complaint was dismissed on January 9, 2008. Eldeeb filed an appeal with the Equal Employment Opportunity Commission, but his appeal was denied on April 30, 2008.

**IV. DISCUSSION**

The Third Circuit has established a framework for analyzing Title VII complaints. In order to make out a prima facie case of an actionable hostile work environment under Title VII, Eldeeb must plead and prove that (1) he suffered intentional discrimination because of his race, national origin or religion; (2) the discrimination was severe and pervasive; (3) the discrimination detrimentally affected him; (4) the discrimination would detrimentally affect a reasonable person of the same protected class in that position; and (5) there is *respondeat superior* liability. *E.g.*, *Weston v. Pennsylvania*, 251 F.3d 420, 426 (3d Cir. 2001).

The Postal Service focuses its argument on the severity and pervasiveness of the alleged discrimination. In *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268 (2001), the Supreme Court established a framework for analyzing the "severe and pervasive prong":

> [H]arassment is actionable under Title VII only if it is so severe or pervasive as to alter the conditions of the victim's employment and create an abusive working environment. Workplace conduct is not measured in isolation; instead, whether an environment is sufficiently hostile or abusive must be judged by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.

*Id*. at 270-71 (internal citations and quotation marks omitted).

Eldeeb's complaint is devoid of any facts that might indicate the frequency, severity, or abusive nature of the harassment to which he claims to have been subjected. It is impossible to reasonably infer from his allegations that the harassment he purportedly faced was "so severe or pervasive as to alter the conditions of [his] employment." *Id*. Eldeeb's complaint is the quintessential "unadorned, the-defendant-unlawfully-harmed-me accusation," which "tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-57 (2007)) (internal citations and quotation marks omitted). As such, it fails "to state a claim to relief that is plausible on its face." *Id*.

**V. Conclusion**

For the reasons explained above, the Postal Service's Motion to Dismiss Eldeeb's Title VII hostile work environment claim is granted without prejudice. Eldeeb shall be given until January 18, 2010 to file an appropriately amended complaint that meets the pleading standard set forth in *Iqbal*. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251-52 (3d Cir. 2007) (plaintiff in a civil rights case must be given the opportunity to amend a deficient complaint, unless that opportunity would be inequitable or futile).[3] If Eldeeb fails to submit a timely amended complaint, the Postal Service may apply for dismissal of the action. If Eldeeb does not wish to amend his complaint, he may file an appropriate notice with the Court asserting his intent to stand on the complaint, which would also lead to dismissal of the action. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

---

[3] If the Postal Service wishes to object that an amended complaint would be inequitable or futile, it may do so; it has not done so preemptively.

s/Anita B. Brody
_____

Anita B. Brody, J.